STATE OF MONTANA,
   Plaintiff,                 Cause No. DC-29-2005-9
vs.                      DECISION
CHRISTOPHER ROULEAU,
   Defendant,

On July 21, 2006, the defendant was sentenced to the following: Count I: Ten (10) years in the Montana State Prison, with no portion suspended, with credit for time served (105) days, for the offense of Criminal Production or Manufacture of Dangerous Drugs, a felony; Count II: Five (5) years in the Montana State Prison, with credit for time served (105) days, for the offense of Criminal Possession of Dangerous Drugs (Meth), a felony; and Count III: Five (5) years in the Montana State Prison, with credit for time served (105) days, for the offense of Criminal Possession of Precursors to Dangerous Drugs, a felony.

On February 8, 2007, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Eric Olson. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive in light of sentences for similar crimes around the state. The Division also stresses the importance that restitution be included and that there is time permitted to the Defendant to pay restitution.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended as follows: Count I: A commitment to the Department of Corrections for a term of ten (10) years, with seven (7) years suspended, and credit for time served (105) days; Count II: A commitment to the Department of Corrections for a term of five (5) years, all suspended, and credit for time served (105) days; and Count III: A commitment to the Department of Corrections for a term of five (5) years, all suspended, and credit for time served (105) days. Counts I, II and III shall run concurrently with each other. The terms and conditions of the Judgment of July 21, 2006 shall

remain as imposed. Additional conditions once the Defendant is released to parole or probation, which are contained within the pre-sentence investigation, shall be included as follows:

1. The Defendant be placed under the supervision of the Department of Corrections, subject to all rules and regulations of the Adult Probation/Parole Bureau.

2. The Defendant will not change his place of residence without first obtaining permission from his Probation/Parole Officer. The residence must be approved by his Probation/parole Officer. The Defendant will make the home open and available for the Probation & Parole Officer to visit as required per policy.

3. The Defendant shall not leave his assigned district without first obtaining written permission from his Probation/Parole Officer.

4. The Defendant shall seek and maintain employment or a program approved by the BOPP or his Probation/Parole Officer. The Defendant must obtain permission from his Probation/Parole Officer prior to any change of employment. The Defendant will inform his employer of his status on probation or parole.

5. The Defendant will personally report to his Probation/Parole Officer as directed. He will submit written monthly reports on forms provided. He will make himself available to his Probation/Parole Officer as requested.

6. The Defendant will not own, possess, or be in control of any firearms or deadly weapons, including black powder, as defined by state or federal law. The Defendant will not possess chemical agents such as O.C. spray.

7. The Defendant will obtain permission from hi Probation/Parole Officer before financing or purchasing a vehicle, property, or engaging in business. The Defendant will not go into debt without his Probation/Parole Officer's permission. Restitution, child support, fines, and fees will be the Defendant's priority financial obligations.

8. Upon reasonable suspicion, as ascertained by the Probation/Parole Officer, the Defendant's person, vehicle, and/or residence may be searched at any time, day or night, without a warrant by a Probation & Parole Officer, ISP Officer or a Law Enforcement Officer (at the direction of the Probation/Parole/ISP Officer). The Defendant may also be searched at his place of employment. Any illegal property or contraband will be seized and may be destroyed.

9. The Defendant shall comply with all city, county, state, federal laws, ordinances, and conduct himself as a good citizen. The Defendant shall report any arrests or contacts with law enforcement to his Probation/Parole Officer within 72 hours. The Defendant will

at all times be cooperative and truthful in all his communications and dealings with his Probation/Parole Officer.

10. The Defendant will not possess or use illegal drugs or any drugs unless prescribed by a licensed physician. The Defendant will not be in control of or under the influence of illegal drugs, nor will he have in his possession any drug paraphernalia.

11. The Defendant shall pay supervision fees in the amount of $15.00 per month, pursuant to Section 46-23-1031, M.C.A. If convicted of a drug offense and placed on Intensive Supervision, then he may be ordered to pay $50 per month as per 45-9-202 (2) (d) (ii), MCA. All supervision fee payments will be made by money order or cashiers check and sent to the Department of Corrections, Collection Unit, P.O. Box 201350, Helena, MT 59620.

12. The Defendant shall not possess or consume intoxicants/alcohol, nor will he enter any place intoxicants are the chief item of sale. He will submit to Breathalyzer testing or bodily fluid testing for drugs or alcohol as requested by his Probation/Parole Officer.

13. The Defendant will pay court ordered victim restitution in a timely fashion. The P&P officer will determine the amount of payments if the offender is on supervision; otherwise, the DOC will take a portion of the offender's inmate account if the offender is incarcerated. All restitution payments will be made by money order or cashiers check and sent to the Department of Corrections, Collection Unit, P.O. Box 201350, Helena, MT 59620. The Defendant will be assessed a 10% administration fee on all restitution ordered. All of the methods for collection of restitution provided under Sections 46-18-241 through 46-18-249, MCA shall apply, including garnishment of wages and interception of tax refunds. Pursuant to Section 46-18-244 (6) (b), MCA, the Defendant shall sign a statement allowing any employer to garnish up to 25% of his wages. The Defendant will continue to make monthly restitution payments until he has paid full restitution, even after incarceration or supervision has ended.

14. The Defendant will pay all fines and fees as ordered and directed by the Court.

15. The Defendant shall pay $20.00 for each felony charge for a total of $60.00 to the Clerk of Court as provided for in Section 46-18-236, MCA.

16. The Defendant shall pay a surcharge to the County Clerk of Court in the amount of $30.00. Defendant shall be given credit against the fine for time served in jail prior to sentencing as per 46-18-403, MCA.

17. The Defendant shall obtain a chemical dependency evaluation by a state approved treatment provider/facility at his own expense and follow all recommendations of said evaluation.

18. The Defendant will obtain a mental health evaluation by a state approved treatment provider/facility at his own expense and follow all recommendations of said evaluation.

19. The Defendant shall not possess or use any electronic device or scanner capable of listening to law enforcement communications.

20. The Defendant will abide by a curfew as determined necessary and appropriate by his Probation/Parole Officer.

21. The Defendant will not enter any casinos or play any games of chance.

22. The Defendant will not associate with probationers, parolees, prison inmates, or persons in the custody of any law enforcement agency without prior approval from his Probation & Parole Officer. The Defendant will not associate with persons as ordered by the Court or BOPP.

23. The Defendant will submit to DNA testing as required by Title 44, Chapter 6, Part 1, MCA.

Done in open Court this 8th day of February, 2007.

DATED this 23rd day of February, 2007.

Chairperson, Hon. Randal I. Spaulding, Member, Hon. Katherine Irigoin and Member, Hon. Stewart Stadler.